**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| SUZANNE KAY GOCKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:07-cv-163-SEB-TAB |
| | ) | |
| JOHN POTTER, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting in Part and Denying**
**In Part Motion for Summary Judgment**

For the reasons explained in this Entry, the defendant's motion for summary judgment must be **granted** in part and **denied** in part.

**I. Background**

As used in this Entry, "Ms. Gocke" refers to the plaintiff, Suzanne Kay Gocke, and "Mr. Potter" refers to the defendant, John Potter, Postmaster General, in his official capacity.

Ms. Gocke's complaint alleges violations of Title VII, 42 U.S.C. § 1983, and potential tort damages. Ms. Gocke contends that her complaint is one of "sexual harassment involving a third party against a co-worker" where she was discriminated against and subjected to a hostile work environment by a female co-worker on the basis of her status as an ex-wife. Mr. Potter moves for summary judgment alleging that Ms. Gocke failed to exhaust her administrative remedies as to her Title VII claims and that any other tort related claims are insufficient due to Ms. Gocke's failure to file an administrative claim alleging such tort violations.

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mater of law.'" *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

## II. Title VII

The government asserts that because Ms. Gocke was uncooperative in the administrative review of her allegations of discrimination in that she refused to provide necessary affidavits and discovery during the EEO investigation and instead submitted hundreds of irrelevant documents she has not effectively exhausted her administrative remedies.  There is ample evidence that Ms. Gocke was, in fact, uncooperative during the EEO review process. In response, Ms. Gocke contends that she "followed all EEOC regulations, cooperated with the EEOC investigators to the best of her ability and exhausted all administrative remedies." Resp. at 1. In support of this contention, she submitted her "Notice of Final Decision Letter" or right to sue letter, dated February 10, 2005, as an indication that all of her administrative remedies have been exhausted.

"[A]s a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court." *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000).  "Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies, 42 U.S.C. § 2000e-16(c), which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief." *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). Plaintiff fulfilled this condition when she received her right-to-sue letter. See Def. Exh. 1 (Notice of Final Decision) and Pl.'s Exh. E (attached to Pl.s' Material Facts in Dispute) (stating "there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court . . ." p. 4).  The cases cited by defendant for the proposition that a plaintiff who refuses to cooperate in the administrative review of her allegations of discrimination under Title VII fails to exhaust her administrative remedies, do not apply to the facts of this case.  *See, e.g., Hill v. Potter*, 352 F.3d at 1146; *Hill v. Runyon*, 959 F. Supp. 488 (N.D.Ill. 1997).  In the *Hill* cases, the plaintiff filed his lawsuit before receiving a right-to-sue letter.  Here, the plaintiff did exhaust her administrative rememdies. Therefore, defendant's motion for summary judgment related to plaintiff's Title VII claim is **DENIED**.

## III. 42 U.S.C. § 1983

The defendant asserts that while Ms. Gocke references 42 U.S.C. § 1983 in her complaint, she does not offer allegations in support of a claim under that statute. The defendant is correct that Title VII is the exclusive remedy for federal plaintiffs alleging discrimination in the workplace and therefore Ms. Gocke's § 1983 claim must be dismissed. *Brown v. Gen. Ser. Admin.,* 425 U.S. 820, 835 (1976); *Huebschen v. Department of Health and Social Servs.*, 716 F.2d 1167, 1170-71 (7th Cir. 1983) (plaintiff cannot maintain an action against the federal government under Section 1983 based upon Title VII); *Davis v. Potter*, 301 F. Supp. 2d 850, 853 n.1 (N.D.Ill. 2004).

## IV.  Possible Tort Claims

Mr. Potter maintains that Ms. Gocke refers to damages, resulting from defamation, invasion of privacy, slander, intentional infliction of emotional distress and negligence, but

that these theories were not properly set out as tort claims and there is no evidence that she sought administrative review of such allegations before coming to this court as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. In addition, Ms. Jacqui De Laet Skoglund, an attorney with the United States Postal Service ("USPS") testified that Ms. Gocke never presented the USPS with any tort claims for administrative review. In response Ms. Gocke states that it is not true that she "made no attempt to file a tort claim or address additional issues" because she "informed Sue Rodkey, [EEOC] investigator, over the phone and through correspondence for several months that her Affidavit was not complete, more issues needed to be addressed, and the Affidavit was incorrect and didn't reflect her complaint which is why the Plaintiff wouldn't sign the Affidavit. . ." Pl.'s Resp. at 2.

The claims for damages asserted against the defendant in his official capacity are, "in all respects other than name, to be treated as a suit against the entity [in this case the USPS] . . . for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "28 U.S.C. § 2675(a) mandates that a claimant present her tort claim to the appropriate federal agency before instituting suit against the United States under the FTCA. This jurisdictional prerequisite to suit is designed to encourage administrative consideration and settlement of claims, thereby reducing unnecessary litigation. A claim is deemed presented when it provides written notification of an incident and requests money damages in sum certain." *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1991), citing 28 C.F.R. § 14.12(a) (1988); *see Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980) (requiring enough description of the incident to enable agency to conduct its own investigation).

The defendant correctly argues that Ms. Gocke failed to file an administrative claim alleging defamation, invasion of privacy, slander, intentional infliction of emotional distress or negligence and therefore this court lacks jurisdiction over any of these civil tort claims. It was not enough that Ms. Gocke apparently carried on a long and detailed correspondence with the EEO investigator assigned to her case related to these additional allegations which occurred over the course of her employment with the USPS. These communications were insufficient to provide the USPS the required written notification of an incident and the requested money damages. *See, e.g., Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1990) (affirming district court's dismissal of malpractice and negligence claims because the plaintiff failed to exhaust his administrative remedies with respect to those claims); *Smith v. Potter*, 2004 U.S. Dist. LEXIS 17340, *15 (S.D.Ind. Aug. 27, 2004) (Barker, J.) ("Defendant correctly argues that Plaintiff's failure to file an administrative claim deprives this court of jurisdiction over a civil [tort] claim for money damages against the USPS.").

"If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied,* 519 U.S. 1115 (1997); *see also Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary

judgment should not be entered."). Accordingly, the USPS's motion for summary judgment must be **granted as to any tort claim** plaintiff intended to allege in her complaint**.**

## V. Summary

In sum, the defendant's motion for summary judgment is **granted** as to the plaintiff's claims under 42 U.S.C. § 1983 and any tort claims she intended to assert, but is **denied** as to the plaintiff's Title VII claim.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

The parties shall have sixty (60) days from the issuance of this Entry in which to file any further dispositive motion as to the plaintiff's Title VII claim.

**IT IS SO ORDERED**.

Date: _09/19/2007_

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Suzanne Kay Gocke
472 Avon Avenue
Plainfield, IN 46168

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov