UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


| | |
|---|---|
| SUZANNE KAY GOCKE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:07-cv-163-SEB-TAB |
| ) | |
| JOHN POTTER, Postmaster General, ) | |
| ) | |
| Defendant. ) | |

### Entry Discussing Motion for Recusal

Plaintiff Suzanne Kay Gocke ("Gocke") has filed a motion for the recusal of the undersinged. This motion was filed after Gocke's motion for summary judgment was filed amidst a flurry of motions, responses, and orders addressing discovery and other pretrial issues.

Under 28 U.S.C. § 455(a), which is the statutory basis invoked by Gocke for her motion, a federal judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."  (citations omitted.)

Gocke's motion for recusal is a meandering tale of her perceptions and misperceptions concerning the various rulings in this case and the general state of its development. Her admittedly limited perspective–for example, she contends that the defendant in this case is not entitled to discovery from her and that a ruling should be made on her motion for summary judgment before it has been fully briefed–simply reveals the overall impression she has of the management of the case. There is no extrajudicial source whereby she argues that recusal is warranted. Gocke, who is not an attorney, has sought to conduct this litigation on her terms rather than in accord with the *Federal Rules of Civil Procedure* and the court's orders,  and ascribes every real or imagined difficulty she has had with that effort to judicial bias.

The court has indulged Gocke's many requests for adjusting pretrial deadlines and has accommodated, to the extent possible, even her unrealistic constraints on its development. Nonetheless, some rulings have been adverse to the positions she has taken or the requests she has made. This has evidently caused her to seek an explanation in the realm of judicial bias.

To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists. Gocke has not presented or alleged facts suggestive of bias in any form. She relates simply her frustration with every ruling with which she disagrees. She does so through her opinion and conclusions that there is a bias against her. This form of information will not support the request she makes. Conclusions, opinions, or rumors are not sufficient. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)). A decision adverse to a party--even one adverse on all of the issues raised--is not evidence of bias where that decision is supported by the law and facts, as is the case here. See *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir. 1994).

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). It has been held, not surprisingly, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). Such rulings are proper grounds for appeal, not for recusal. *Id.*; *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions").

Gocke has surveyed features of the present case–discovery, rulings on sealed documents, her own pending motion for summary judgment, and the entire ambit of case management–as well as the disposition of one or more other lawsuits she has filed, and has concluded that many such rulings have been incorrect or have made it difficult for her to proceed. These matters would not demonstrate to a reasonable observer the existence of "a significant risk that the judge will resolve the case on a basis other than the merits." *Hook,* 89 F.3d at 354. "It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions." *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) (" Rather, a judge's bias must "arise from an extrajudicial source." *Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001).

In addition, Gocke maintains that there is a conflict of interest because the undersigned dismissed an earlier suit filed by her for lack of jurisdiction in *Gocke v. Comer*, 1:07-cv-00008-SEB-JMS. This does not support her position, however, as "it has long been regarded as normal and proper for a judge . . . to sit in successive trials involving the same defendant." *Liteky,* 510 U.S. at 550.

No extrajudicial source of bias is alleged or even hinted at by Gocke in her motion for recusal. A district court has not only the authority, but also the duty to issue appropriate orders in the course of a case. *See, e.g., Chambers v. NASCO, Inc.,* 501 U.S. 32, 42 (1991)(recognizing that federal courts have the inherent authority to rule and manage their dockets efficiently and that this authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Reales v. Consolidated Rail Corp.,* 84 F.3d 993, 996 (7th Cir. 1996)(explaining that, because of crowded dockets, complex issues, difficulties afflicting portions of the litigating process, and adversaries who at times adopt the style of warriors, rather than civil litigants, this court "[n]ecessarily . . . must have substantial discretion as [it] manage[s] [its] dockets"). Subsumed in this authority is the ability to render expedited rulings. *Hodaka v. City of St. Peters,* 2006 WL 3210495 *1 (E.D.Mo. 2006) (court rendering expedited ruling to advance administration of justice); *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.,* 572 F.Supp. 1210, 1212-1213 (N.D.Ill. 1983)("It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases."). Gocke's view otherwise is misplaced, but in any event her disagreement is with the court's rulings. In addition, Gocke's concerns are not limited to the undersigned's ability to be impartial. She states: "the Plaintiff doesn't believe **any** Judge could be impartial enough to make a fair decision about the case themselves considering all of the many legal officials the Plaintiff has taken issue with and wants addressed in this matter" (emphasis in original). Gocke's contention that the undersigned or any other judge will not be an unbiased decisionmaker is pure speculation.

A "district judge . . . is obligated not to recuse [herself] without reason just as [s]he is obligated to recuse [herself] when there is reason." *New York City Development Corp. v. Hart,* 796 F.2d 976, 981 (7th Cir. 1986). Because the rulings which are the sole basis for Gocke's motion for recusal do not show or suggest that the impartiality of the undersigned might reasonably be questioned," and hence because no showing of bias has been made, Gocke's motion for recusal (dkt 35) is **denied.**

**IT IS SO ORDERED**.

Date: 01/07/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Suzanne Kay Gocke
472 Avon Avenue
Plainfield, IN 46168

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov