**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SUZANNE KAY GOCKE, )<br>   )<br>   Plaintiff, )<br>vs. ) No. 1:07-cv-163-SEB-TAB<br>   )<br>JOHN POTTER, Postmaster General, )<br>   )<br>   Defendant. ) | |

**Entry Denying Motion for Summary Judgment**
**And Directing Further Proceedings**

For the reasons explained in this Entry, the plaintiff's motion for summary judgment (dkt. 21) must be **denied,** the plaintiff will be directed to support the sufficiency of her complaint, and further proceedings will be stayed.

**I. Background**

As used in this Entry, "Gocke" refers to the plaintiff, Suzanne Kay Gocke, and "Potter" refers to the defendant, John Potter, Postmaster General, in his official capacity.

Gocke brings this lawsuit under Title VII of the Civil Rights Act of 1964.[1] She alleges that during the course of her employment as a Rural Carrier Associate for the United States Postal Service ("USPS") she was sexually harassed, discriminated against and subjected to a hostile work environment by her female co-worker Beth Phipps ("Phipps"). Gocke asserts that Phipps targeted her because Phipps' had a relationship with Gocke's ex-husband, Mike Christian ("Christian").

Phipps allegedly harassed Gocke by (1) discussing topics and asking questions of a sexual nature; (2) asking Gocke questions about her relationship with her ex-husband; (3) making comments about Gocke's body and weight; (4) yelling false allegations at Gocke in the presence of others; (5) attempting to distract Gocke and interfere with her work assignments; and (6) threatening Gocke on matters related to her job and transfer to Plainfield. In addition Gocke alleges that Phipps coerced other employees to distract or harass the Plaintiff.

---

[1] Consistent with this court's September 19, 2007 (dkt. 18) Entry, the only claim remaining in this action is brought pursuant to Title VII.

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mater of law.'" *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

**II. Gocke's Motion for Summary Judgment - Title VII**

Gocke's Title VII claim alleges that she was sexually harassed, subjected to a hostile work environment, and discriminated against by her female co-worker Phipps and by her ex-husband (Christian), a non-postal service employee. She asserts that Phipps harassed her because of Phipps' romantic interest in Christian. To the extent that Gocke asserts a sex discrimination claim based on Phipps' conduct, this claim must be evaluated as a hostile environment sexual harassment claim. The Seventh Circuit explained:

> "Sexual horseplay differs from sex discrimination, and Title VII covers only discriminatory conduct. The Court stated in *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S. Ct. 998 (1998), that even sexually explicit roughhousing among men must be distinguished from sex discrimination. Only when severe or pervasive conduct creates an objectively hostile or abusive working environment, so that the conditions of employment differ on account of sex or another forbidden ground, is Title VII implicated."

*Shafer v. Kal Kan Foods, Inc.,* 417 F.3d 663, 666 (7th Cir. 2005).

Title VII prohibits employers from harassing employees "because of [their] sex."[2] *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78-79, 118 S. Ct. 998 (1998); 42 U.S.C. § 2000e-2(a)(1). "One of the ways in which Title VII's prohibition against sex discrimination in the terms and conditions of employment may be violated is through sexual harassment that is either severe or pervasive enough to create an abusive working environment." *Bernier v. Morningstar, Inc.*, 495 F.3d 369, 373 (7th Cir. 2007) (quoting *Jackson v. County of Racine*, 474 F.3d 493, 499 (7th Cir. 2007)). In order to establish a *prima facie* case of hostile environment sexual harassment under Title VII, a plaintiff must show that: (1) she was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature;

---

[2] This provision of Title VII provides that: "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

(2) *the harassment was based on sex*; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability. *Valentine v. City of Chicago*, 452 F.3d 670, 677 (7th Cir. 2006) (emphasis added); *see also Jackson v. County of Racine*, 474 F.3d 493, 499 (7th Cir. 2007); *Bernier v. Morningstar, Inc.*, 495 F.3d 369, 373 (7th Cir. 2007).

Same-sex sexual harassment is actionable under Title VII "to the extent that it occurs 'because of' the plaintiff's sex." *Hamner v. St. Vincent Hosp. and Health Care Center, Inc.*, 224 F.3d 701, 704 (7th Cir. 2000) (quoting *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1007 (7th Cir.1999)). "The phrase in Title VII prohibiting discrimination based on sex" means that "it is unlawful to discriminate against women because they are women and against men because they are men." *Hamner,* 224 F.3d at 704 (quoting *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1085 (7th Cir.1984)). In other words, Congress intended the term "sex" to mean "biological male or biological female." *Hamner,* 224 F.3d at 704 (quoting *Ulane*, 742 F.2d at 1087).

Workplace harassment, whatever the gender(s) of the persons involved, does not automatically constitute sex discrimination "merely because the words used have sexual content or connotations." *Oncale*, 118 S. Ct. at 1002. Rather, "'[t]he critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" Id., quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring).

> *Oncale* cited two alternate means by which a plaintiff might show that harassment perpetrated by someone of the same gender constitutes sex discrimination: (1) "credible evidence" that the harasser is gay or lesbian-in which case it is reasonable to assume that the harasser would not harass members of the other sex (or at least not with "explicit or implicit proposals of sexual activity"); and (2) proof that the plaintiff was harassed "in such sex-specific and derogatory terms" as to reveal an antipathy to persons of the plaintiff's gender. *Id.*

*Shepherd v. Slater Steels Corp.,* 168 F.3d 998, 1009 (7th Cir. 1999).

Reading the record in the light most favorable to Gocke, the finder-of-fact could not infer that she suffered sex-based harassment. Gocke specifically states that Phipps is not interested in the Plaintiff sexually and maintains that Phipps made no sexual advances toward her. Similarly, there is no proof that Gocke was harassed in such a way which reveals Phipps' antipathy to women. Instead the only reasonable conclusion is that she was targeted because of her status as Christian's ex-wife. A conclusion which Gocke drew herself. Pl.'s Memo in Supp. at 6.

3

Instead, Gocke's arguments and evidence merely demonstrate Phipps' vulgar method of antagonizing Gocke, but does not raise any inferences that Phipps was engaging in harassing conduct "because of" Gocke's gender. *Shepherd*, 168 F.3d at 1010, quoting *Johnson v. Hondo, Inc.*, 125 F.3d 408, 412 (7th Cir. 1997). Where "[i]t appears plain on the record as a whole" that the statements or conduct in question "were nothing other than vulgar provocations having no causal relationship to [the plaintiff's] gender," the sexual content or connotations of those statements or conduct will not alone raise a question of fact as to the sex-based character of the harassment. *Shepard*, 168 F.3d at 1010-1011, quoting *Johnson*, 125 F.3d at 413.

"Without a *prima facie* case, the plaintiff cannot withstand summary judgment." *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993), *cert. denied*, 511 U.S. 1005 (1994). Here, Gocke's discrimination and harassment claims are not supported by evidence that establishes a *prima facie* case. Accordingly, her motion for summary judgment, filed on November 16, 2007, must be **denied.**

### III.  Sufficiency of the Complaint

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003) (citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)). This is an appropriate case for the exercise of that authority, at least based on the claim described by Gocke up to this point. Specifically, the court has noted for the reasons explained in Part II of this Entry that Gocke's claims will not support a claim for relief under Title VII. *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007)(a plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court") (quoting in part *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007)).

However, because the evident insufficiency of the complaint has been raised *sua sponte,* Gocke shall have twenty (20) days from the date this Entry is issued to provide a viable basis upon which her complaint may proceed. Failure to do so may result in a final judgment being issued without additional notice to the parties.

### IV.  Further Proceedings are Stayed

Except for the directions issued in Part III of this Entry, all other matters pending in this action are **stayed** until further order of the court.

**IT IS SO ORDERED**.

Date:  01/15/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Suzanne Kay Gocke
472 Avon Avenue
Plainfield, IN 46168

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov